IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHARLES DONALD MEEKS and | ) | |
| VIVIAN JUNE MEEKS, | ) | |
| ADMINISTRATORS OF THE ESTATE OF | ) | |
| JAMES RICHARD ANDERSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 7:14cv00534 |
| | ) | |
| PHILIP O. EMIABATA, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| and | ) | |
| | ) | |
| PHILIP O. EMIABATA and SYLVIA | ) | |
| EMIABATA d/b/a NOVA EXPRESS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This lawsuit involves a wrongful death claim stemming from a traffic accident on April 1, 2014, on Interstate 81 in Wythe County, Virginia. The plaintiffs in this case are the executors of James Anderson's estate and the sole beneficiaries of his estate. Compl. at ¶ 3. Defendants are Philip Emiabata, the driver and one of the owners of a tractor trailer, and Sylvia Emiabata, the other owner of the tractor trailer. Compl. at ¶¶ 7-8. The complaint contains two counts. Count I alleges negligence by all the defendants and is brought as a survival personal injury claim. Count II also alleges negligence by all the defendants but is a wrongful death claim. The complaint demands a jury trial and seeks ten million dollars in compensatory damages and $500,000 in punitive damages. Compl. at ¶¶ 5-6.

Defendants seek dismissal of count I, the survival action, of the complaint and plaintiffs' request for an award of punitive damages pursuant to Rule 12(b)(6). In response, plaintiffs have

consented to the dismissal of the survival action. Dkt. No. 19 at 1. Accordingly, the court will grant defendants' motion to dismiss count I of the complaint.

With regard to the motion to dismiss plaintiffs' request for an award of punitive damages, and as discussed in more detail below, the court concludes that Rule 12(b)(6) is not properly used to seek dismissal of a request for relief, but is only available to seek dismissal of a claim in its entirety. The court therefore will deny defendants' motion to dismiss plaintiffs' request for punitive damages.

## I. BACKGROUND

For purposes of a motion to dismiss, the court treats the well-pled allegations of the complaint as true. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 572 (2007); Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011). The plaintiffs' complaint alleges that on April 1, 2014, at approximately 3:00 to 3:15 a.m., Mr. Emiabata was driving a tractor-trailer truck northbound in the left lane of Interstate 81 in Wythe County, Virginia. The truck was owned by Mr. Emiabata and Mrs. Emiabata d/b/a/ Nova Express. Plaintiffs allege that defendants had negligently maintained the truck, that the brakes were dangerously out of adjustment, and that the tires were dangerously worn. Additionally, they contend that defendants had failed to equip the truck with warning flares, fuses, or reflective triangles.

According to the complaint, Mr. Emiabata was driving fatigued and/or fell asleep while driving on a "straight, dry grade of marked highway." He crashed his truck through the median and through the guard rail that separated the northbound travel lanes from southbound travel lanes. The cab of the truck came to rest on its passenger side partially blocking the left southbound travel lane of I-81 and a section of the torn-up guardrail came to rest in the left northbound travel lane of I-81. Compl. at ¶ 10.

2

Mr. Emiabata exited the cab of his truck and was able to think, speak, and act coherently and move about the scene without restriction. He knew or should have known debris from his truck crashed through the guardrail and came to rest in the northbound travel lane of I-81. Despite this, he failed to display flares, fuses, or reflective triangles to warn either southbound traffic or northbound traffic. Compl. at ¶¶ 12-14.

Approximately fifteen minutes after Mr. Emiabata crashed his truck, a southbound vehicle slammed into Mr. Emiabata's overturned cab and the driver of that vehicle was killed. Mr. Emiabata again failed to place anything in the blocked northbound lane to warn drivers of the metal debris in the road from the torn-up guardrail. Compl. at ¶ 15. Ten minutes after the southbound crash, Mr. Anderson's tractor-trailer truck, which was proceeding in the left northbound lane, struck a piece of the guardrail that was in the roadway, ran off the road, crashed, and was engulfed in flames. Mr. Anderson burned to death in his cab.[1] Compl. at ¶¶ 15-17.

## II. DISCUSSION

Several judges of this court, including the undersigned, recently have recognized that Fed. R. Civ. P. 12(b)(6) does not provide a vehicle to dismiss a portion of relief sought or a specific remedy, but only to dismiss a claim in its entirety. See Charles v. Front Royal Volunteer Fire & Rescue Dep't, Inc., 21 F. Supp. 3d 620, 629, 631-32 (W.D. Va. 2014) (Urbanski, J.); Debord v. Grasham, 2014 WL 3734320, at *1 (W.D. Va. July 28, 2014) (Jones, J.) (agreeing with Charles court "that a Rule 12(b)(6) motion is a premature means to attack a request for punitive damages, at least where such damages are theoretically recoverable under the applicable law"); Downs v. Winchester Med. Ctr., 21 F. Supp. 3d 615, 620 (W.D. Va. 2014) (Urbanski, J.)

---

[1] In light of the court's ruling that Rule 12(b)(6) may not be used to dismiss a request for relief, a more detailed summary of plaintiffs' factual allegations is unnecessary.

("the question of punitive damages is not properly addressed on a motion to dismiss"); Bocock v. Specialized Youth Servs. of Va. Inc., No. 5:14-cv-50 (W.D. Va. April 10, 2015) (Dillon, J.) (order denying Rule 12(b)(6) motion to dismiss claim for emotional distress damages).[2]

Other courts, too, have recognized that Rule 12(b)(6) does not allow the dismissal of a request for a remedy. See, e.g., Schmidt v. C.R. Bard, Inc., No. 6:14-cv-62, 2014 WL 5149175, at *7-8 (S.D. Ga. Oct. 14, 2014) (rule 12(b)(6) motion is improper for dismissal of prayer for relief) (also citing, but disagreeing with, cases to the contrary); Douglas v. Miller, 864 F. Supp. 2d 1205, 1220 (W.D. Okla. 2012) (prayer for relief not part of the cause of action so punitive damages not subject to 12(b)(6) dismissal); Oppenheimer v. Sw. Airlines Co., 2013 WL 3149483, at *4 (S.D. Cal. June 17, 2013) ("requests for punitive damages provide no basis for dismissal under Fed. R. Civ. P. 12(b)(6)" and collecting authority in support).

As explained in Charles, Rule 12(b)(6) is a vehicle to dismiss a "claim" in its entirety. 21 F. Supp. 3d at 629 (citation omitted). Thus, a court "should not dismiss a complaint so long as it sets out facts sufficient to support a reasonable inference that the plaintiff is entitled to any relief the court can grant, even if that relief is not specifically requested." Id. (citations omitted) (emphasis in Charles). This principle is reinforced "by Rule 54(c), which provides that a prevailing party may obtain any relief to which he's entitled even if he has not demanded such

---

[2] While this court has dismissed or considered dismissal of requests for punitive damages pursuant to Rule 12(b)(6) before, it appears that the issue of whether Rule 12(b)(6) was an appropriate procedural tool was not raised or considered in those cases. See, e.g., Madison v. Acuna, No. 6:12-CV-00028, 2012 WL 4458510 (W.D. Va. Aug. 28, 2012) (dismissing a punitive damages claim without prejudice because of inadequate allegations); Madison v. Acuna, No. 6:12-CV-00028, 2012 WL 6196450 (W.D. Va. Dec. 12, 2012) (denying request to dismiss punitive damages claim following amendment of complaint based upon adequate allegations); Boone v. Brown, No. 7:13-CV-00230, 2013 WL 5416873, at *3 (W.D. Va. Sept. 26, 2013) (granting a motion to dismiss punitive damages without prejudice based upon inadequate allegations). Likewise, the Fourth Circuit has affirmed the dismissal of requests for relief pursuant to Rule 12(b)(6), but does not appear to have squarely decided whether Rule 12(b)(6) is an appropriate tool for such dismissal. See, e.g., Francisco v. Doherty, Sheridan & Grimaldi, L.L.P., 178 F.3d 1283, 1999 WL 231790, at *2 (4th Cir. 1999) (unpublished table decision) (affirming, without discussion, district court's Rule 12(b)(6) dismissal of claims for emotional distress damages and punitive damages).

relief in his pleadings." Id. (quoting Bontkowski v. Smith, 305 F.3d 757, 762 (7th Cir. 2002)). Applying those principles to the case before it, the Charles court denied as premature both: (1) a motion to dismiss all claims for relief other than injunctive relief on a statutory claim; and (2) a request for punitive damages in a separate count. Id. at 630, 632. Similarly, the court in Debord concluded that a 12(b)(6) motion to dismiss the plaintiff's claim for punitive damages in a case arising from a motor vehicle accident was premature, although the court recognized that the plaintiff "likely would be required to show the factual basis of his claim" if he sought embarrassing, oppressive, or burdensome discovery or at summary judgment. 2014 WL 3734320, at *1-*2.

The above cases are consistent with Rule 8(a), which defines the general rule for pleading and states, "[a] pleading that states a claim for relief must contain" three separate elements: (1) the basis of jurisdiction; "(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a) (emphasis added). Thus, under the plain terms of Rule 8(a), a demand for relief is not part of the "statement of the claim," and is only one part of the "claim for relief."[3] Id.; see also Charles, 21 F. Supp. 3d at 631 (a "demand for relief is not part of a plaintiff's statement of the claim") (quoting Alexander v. Se. Wholesale Corp., 978 F. Supp. 2d 615, 624, n.7 (E.D. Va. 2013)). Because Rule 12(b)(6) "may be used only to dismiss a 'claim' in its entirety[,]" id. (quoting Janis v.

---

[3] In contrast to Rule 12(b)(6), Rule 56 permits the dismissal of part of a claim. See Fed. R. Civ. P. 56(a) (permitting a party to move for summary judgment on a claim or defense or a "part of [a] claim or defense"). Thus, a demand for relief could be dismissed at the summary judgment stage. See, e.g., Hamblin v. British Airways PLC, 717 F. Supp. 2d 303, 307 (E.D.N.Y. 2010) (claim under Rule 56 is "composed of both the theory of liability and the remedies that that theory supports") (disagreeing with In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., 517 F. Supp. 2d 662, 666 (S.D.N.Y. 2007)). See also Gaither v. Stop & Shop Supermarket Co., __ F. Supp. 3d __, 2015 WL 93842, at *7 n.8 (D. Conn. Jan. 7, 2015) (recognizing 2010 amendment to Rule 56 added "part of each claim or defense"). This conclusion is further supported by Rule 56(g), under which a court may enter an order identifying any undisputed "material fact—including an item of damages or other relief" and "treating that fact as established . . . ." Fed. R. Civ. P. 56(g).

5

Nelson, 2009 WL 4505935, at *7 (D.S.D. Nov. 24, 2009) (citations omitted)), it is not available to dismiss only a demand for relief.

## III. CONCLUSION

For the reasons discussed above, the defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART. The Clerk shall serve copies of this memorandum opinion on all counsel of record.

Entered: April 13, 2015.

*Elizabeth K. Dillon*
United States District Judge

6

Case 7:14-cv-00534-EKD-RSB   Document 29   Filed 04/13/15   Page 6 of 6   Pageid#: 105